UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05CR00124 HEA |
| ) | |
| JAMES SCHAEFFER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Magistrate Judge Thomas Mummert, III's Order and Recommendation that Defendant James Schaeffer's Motion to Suppress Statements, [#25] and Motion to Suppress Physical Evidence, [#26] be denied. Defendant has filed written objections to the Report and Recommendation, and the Government has responded. Pursuant to 28 U.S.C. § 636, the Court will conduct a *de novo* review of those portions of the Report and Recommendation to which Defendant Schaeffer objects.

### **Facts and Background**

On May 12, 2002, a man by the name of Michael Holder contacted police to report that Defendant James Schaeffer was in possession of Holder's motorcycle and had been so for approximately 10 weeks. Defendant refused to return the motorcycle

after Holder took it to Defendant's residence/shop for repairs. Officer Ryan Streck began his investigation by attempting to contact Defendant by telephone and then by visiting Defendant's residence at 26 Circle Way, St. Peters, Missouri. Defendant did not answer the door, and he failed to respond to all but one of Officer Streck's telephone calls, wherein he told Streck to "Go to hell." In June, 2002, Defendant faxed a letter to Streck along with the rules and regulations for his motorcycle repair shop. Streck described the letter as "rude." Another officer attempted to locate Defendant at his residence but was not successful. Defendant never agreed to return the motorcycle to Holder in any communication with Holder or St. Charles police.

On June 25, 2002, Officer Streck obtained a search warrant for 26 Circle Way, which described Defendant's residence as a ranch house and a "connect white garage . . . connected by a roof structure." The affidavit supporting the search warrant contained the facts surrounding the situation and sought the recovery of Holden's stolen or missing 1965 Harley-Davidson motorcycle.

The search warrant was executed that day, and Defendant was outside of his residence when officers arrived. Officers secured Defendant for their safety, and Defendant told them there was a woman inside the residence. The door to the rear of the garage was locked and officers were advised that entry to the garage could be gained through the residence. After entering the residence, officers conducted a

protective sweep for safety purposes, and arrested the woman inside on an outstanding arrest warrant. A Doberman Pinscher was also present in the residence, and the woman was able to contain the dog prior to her arrest. While executing the warrant, officers observed marijuana and a smoking device (a bong) on the coffee table in the living room. Officers also observed pseudoephedrine pills in the kitchen and the odor of burnt marijuana generally in the residence. Officers entered the garage through the basement and then through the breezeway that connected the house to the garage and located Holder's Harley-Davidson motorcycle. Handguns, rifles, and pseudoephedrine pills were observed in the garage in plain view.

That same day, Officer Streck obtained a second search warrant for the residence due to the discovery of controlled substances. The second warrant sought the discovery of marijuana and paraphernalia, but did not describe the attached garage in the description of structures to be searched. The marijuana, paraphernalia, and pseudoephedrine pills and other precursors used in the manufacture of methamphetamine were located in the residence and garage during the execution of the second warrant, and the items were seized.

Defendant was transported to the St. Charles County Detention Center and Assistant United States Attorney Davis arrived at the request of police. Defendant had not yet been interviewed, so police read Defendant his rights per *Miranda v. Arizona,*

384 U.S. 436 (1966) from a Constitutional Rights form. Defendant initialed each right read to him, and stated that he understood them. He also stated that he did not wish to make a statement. AUSA Davis attempted to exit the witness room, when Defendant began asking questions regarding the case and whether Defendant would need an attorney. Davis advised Defendant that he could not talk to Defendant since Defendant had decided not to make a statement, but also told Defendant that he should get an attorney. As Davis was exiting the room, Defendant asked him to wait. Defendant told Davis that he changed his mind and wanted to make a statement. Defendant signed the waiver portion of the Constitutional Rights form and made a voluntary statement to Davis and police officers. Defendant stated that he did not produce methamphetamine at his residence, but admitted to using methamphetamine. He told Davis and police that he purchased pseudoephedrine pills at stores and stockpiled them for sale to people who manufactured methamphetamine.

## **Objections to Findings of Fact**

Defendant Schaeffer objects to Judge Mummert's findings that officers observed pseudoephedrine pills and guns in Defendant's residence while executing the search warrants. The record reflects, however, that Officer Streck and other officers entered Defendant's residence because they were told that the only way to enter the garage was through the residence. They were also told that there was a woman and a dog inside

the residence, and entry was necessary to perform a protective sweep and confirm the identity of the woman. Defendant claims that Streck never indicated that he observed pseudoephedrine pills in Defendant's kitchen and that his testimony was therefore inconsistent. Defendant's argument, it seems, is based on the fact that the pills and guns were not specifically mentioned in the affidavit in support of the second search warrant, and thus, is proof that the items were not in plain view as the deputy testified. The absence of any mention of pseudoephedrine and/or guns in the warrant affidavit, however, does not impair the probable cause finding that otherwise existed. Defendant offers no legal authority in support of his position, therefore, this Court adopts Judge Mummert's findings of fact relative to the pills and guns discovered in plain view at Defendant's residence.

### **Defendant's Motion to Suppress Physical Evidence**

Defendant Schaeffer objects to Judge Mummert's finding that probable cause existed for the issuance of either search warrant. The probable cause to support the issuance of the first search warrant was derived from the information provided to officers by Mr. Holden regarding Defendant's possession of and refusal to return Holden's 1965 Harley-Davidson. The probable cause to support the issuance of the second warrant was derived from the officers' observations of marijuana, and marijuana paraphernalia in plain view during their execution of the first warrant. Aside

from the existence of probable cause as evidenced by the facts in this case, Defendant offers no explanation or analysis with regard to this issue. He makes no effort to distinguish the cases relied upon by Judge Mummert in his well-reasoned report and recommendation, and in fact, cites no cases in support of his argument that probable cause did not exist. As such, Defendant's blanket objection provides no reasonable basis upon which this Court could conclude the Magistrate Judge was in error, and Defendant's objection is overruled.

Defendant also objects to Judge Mummert's finding that the second search warrant authorized the police to enter and search Defendant's garage. The Eighth Circuit, however, holds that search warrants for described premises also authorize the search of structures not specifically named in the warrant. *United Sates v. Pennington,* 287 F.3d 739 (8th Cir. 2002); see also *United States v. Meyer*, 417 F.2d 1020 (8th Cir. 1969) (where Court found warrant for premises authorized search of buildings standing on the land). In *Pennington,* officers executing a search warrant discovered methamphetamine and a precursor chemical in two closed buckets lying in the weeds outside a metal outbuilding. The Court held that a warrant to search at a street address includes the authority to search the yard. Vehicles located on the premises were also searched, and the Court stated that although the vehicles were not specifically listed in the warrant as places to be searched, "a vehicle found on a premises (except, for

example, the vehicle of a guest or other caller) is considered to be included within the scope of a warrant authorizing a search of that premises." *Id.* at 745 (citing *United States v. Reivich,* 793 F.2d 957, 963 (8th Cir. 1986) and *United States v. Bulgatz*, 693 F.2d 728, 730 n. 3 (8th Cir. 1982), *cert. denied*, 459 U.S. 1210 (1983)); see also, *Oliver v. United States,* 466 U.S. 170 (1984) (where Court defined term "curtilage" as land immediately surrounding and associated with the home, and held curtilage to be part of the home itself for Fourth Amendment purposes).

Here, Schaeffer's attached garage was not outside the scope of the search warrant. The garage was part of the curtilage of 26 Circle Way and was included within the scope of the warrant which authorized a search of the premises. Schaeffer's objection is overruled.

## Motion to Suppress Statements

Defendant Schaeffer objects to Judge Mummert's finding that Defendant's Motion to Suppress Statements be denied, and admits that he has no independent basis upon which his statements should be suppressed. Defendant instead reiterates his position that the statements were the product of an illegal search and seizure.

The Court finds that Schaeffer made his statements after he was given his *Miranda* rights, and was not coerced or intimidated by officers in any way, thus, this Court finds Robinson's statements were made voluntarily and are therefore admissible.

This Court also finds that the statements made by Schaeffer were the result of a lawful arrest, since the search of Schaeffer's residence and garage were pursuant to valid search warrants for which there was probable cause. Schaeffer's statements, therefore, are admissible, and his objection is overruled. The Court, therefore, adopts Judge Mummert's well-reasoned Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Schaeffer's Motion to Suppress Statements, [#25], is denied;

**IT IS FURTHER ORDERED** that Defendant Schaeffer's Motion to Suppress Physical Evidence, [#26], is denied.

Dated this 23rd day of May, 2005.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE